■ In the Matter of WILLIAM P. O'HARA, Appellant, v JOSEPH M. DWYER, as Commissioner of Personnel of Orange County, et al., Respondents. [624 NYS2d 876] —In a proceeding to compel arbitration, the petitioner appeals, as limited by his brief, from so much of an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated February 22, 1994, as, upon in effect granting reargument, adhered to the original determination to dismiss the proceeding.

Ordered that the order is affirmed insofar as appealed from, with costs.

In making a motion denominated as one for reargument, the petitioner submitted additional evidence to support his claim that a union official had filed a timely demand for arbitration on his behalf. Although the Supreme Court stated that it was denying the petitioner's motion because he had failed to explain why he had not submitted this evidence in support of his original application, the court in fact addressed

the merits. Therefore, the court in effect granted reargument, but adhered to its original determination, resulting in an order which is appealable *(see,* CPLR 5517 [a] [1]; *Matter of Aetna Cas. & Sur. Co. v Pellegrino,* 203 AD2d 457). However, contrary to the petitioner's contention, the additional evidence submitted on reargument was insufficient to raise a triable issue of fact as to whether a timely notice appealing his discharge to an independent arbitration panel was filed with the Orange County Commissioner of Personnel, as unambiguously required by article 22, section 4 of the collective bargaining agreement *(cf., Matter of Pinelawn Cemetery v Local 365 Cemetery Workers & Greens Attendants Union,* 177 AD2d 274). Pizzuto, J. P., Santucci, Friedmann and Krausman, JJ., concur.